SO ORDERED.

DONE and SIGNED January 28, 2016.



_____
JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Mario C. Marshall | § | Case Number: 15-10350 |
| | § | |
| Debtor | § | Chapter 13 |

## ORDER DENYING MOTION TO VACATE AND
## REQUEST FOR EXPEDITED HEARING

This matter is before the Court on the Motion to Vacate (Docket No. 42) and Motion to Expedite Hearing (Docket No. 43) filed by counsel for the debtor, Keven Molloy. For the following reasons, both motions are denied.

The movant seeks the Court vacate its prior order (Docket No. 41) denying his fee application. The Court denied that fee application based on the holding in *Harris v. Viegelahn*, 135 S. Ct. 1829 (2015). In *Harris*, the Supreme Court held that plan payments held by the Chapter

1

13 Trustee must be returned to the debtor upon conversion. The Court principally relied on 11 U.S.C. §§ 348(e) and 348(f)(1). Section 348(e) provides that conversion of a Chapter 13 case terminates the service of the pre-conversion trustee. Section 348(f)(1) provides that, absent bad faith, the Chapter 7 estate of a converted Chapter 13 does not include post-petition wages; rather, it only includes property of the estate as of the date of the filing of the petition that remains in the debtor's possession or control on the conversion date. The Supreme Court inferred from these two provisions that Chapter 13 trustees cannot pay creditors from accumulated plan payments after conversion because that would contravene the provision in § 348(e) terminating the trustee's services, and would lead to a distribution of property to creditors that is not part of the estate in the converted case.

In this case, it is uncontroverted the debtor intends to convert to Chapter 7 pre-confirmation. The debtor's Chapter 13 plan has not been confirmed and there have been no creditor distributions by the Chapter 13 Trustee. The debtor has tendered $5,190.00 to the Chapter 13 Trustee since the case was filed. In the pending motion to vacate, the movant argues that "[t]he Application was filed prior to the conversion of the case specifically because of the Supreme Court's ruling in *Harris v. Viegelahn*." The movant believes he can avoid the application of *Harris* by simply filing and obtaining a ruling on a fee application prior to conversion. This Court disagrees.

If a case is converted to Chapter 7, then all funds held by the Chapter 13 Trustee at conversion must be returned to the debtor pursuant to *Harris*. *Harris* holds that a Chapter 13 trustee cannot pay creditors from accumulated plan payments as this would contravene the provision in § 348(e) that the trustee's services are terminated at conversion. The Chapter 13 Trustee cannot distribute property to creditors which are not part of the estate in the converted

2

case, and this result cannot be avoided by the attorney simply requesting an order on a fee application prior to conversion.

Alternatively, and as importantly, this Court will not rule on a fee application in a Chapter 13 case until after such case is confirmed, dismissed, or converted. An event which has not occurred in this case. This holding is supported by the historical practice of approving these fees after such dispositive events, but more importantly the requirement that the services be evaluated pursuant to 11 U.S.C. § 330. As amended in 1994, § 330(a)(4)(B) now contains a specific provision concerning compensation of debtor's attorneys in Chapter 13 cases:

> In a chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section. 11 U.S.C. § 330(a)(4)(B)

Therefore, services that do not benefit the debtor or estate are not compensable. For example, fees for preparation of the plan, for claims litigation, and for efforts to keep the debtor's car during a Chapter 13 case were not allowed based on lack of benefit to the debtor or estate. *In re Polishuk*, 258 B.R. 238 (Bankr. N.D. Okla. 2001). The bankruptcy court found that counsel could not have reasonably believed that the debtor had a realistic hope of reorganization under any chapter of the Bankruptcy Code. *Id*. These evaluations are best made by the Court after a dispositive event in a Chapter 13 case, such as plan confirmation, dismissal, or conversion to another Chapter under the Bankruptcy Code.

While this Court is faced with an unappealing result of not having the ability to compensate debtor's counsel, it is bound by the Supreme Court's *Harris* decision. This Court acknowledges that *Harris* has called into question the validity of many bankruptcy courts' local rules regarding pre-confirmation conversion. Many jurisdictions had local rules providing that the Chapter 13

Trustee must pay the debtor's attorney out of the accumulated plan payments in the event a case is converted prior to confirmation.

11 U.S.C. § 1326(a)(2) provides that "if a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) [which addresses adequate protection payments] to the debtor, after deducting any unpaid claim allowed under section 503(b) [administrative expense claims]." An argument could be made that, if a plan is not confirmed for whatever reason, payments must be returned to the debtor less due and owing adequate protection payments and administrative expense claims. This is the purported authority that would allow the Court to order a compensation award to pay attorneys in cases of pre-confirmation conversion. Notwithstanding this provision, this Court finds that *Harris* still controls this question. Section 1326(a)(2) does not directly address cases of conversion; it only generally governs cases where "a plan is not confirmed." On the other hand, section 348 directly addresses the effects of conversion, and has been interpreted by the Supreme Court to require the return of funds to the debtor on grounds that do not permit a distinction as to attorney's fees. As interpreted in *Harris*, section 348 trumps section 1326's general instructions concerning the larger set of cases in which "a plan is not confirmed."

Even if the Court granted the application for compensation, the Supreme Court's holding in *Harris* would prohibit the Chapter 13 Trustee from making a distribution to the attorney once the case converted to Chapter 7. Since most, if not all, Chapter 13 Trustees would not make a distribution of attorney fees until a Chapter 13 case is either confirmed or dismissed (and, prior to the *Harris* opinion, perhaps converted to Chapter 7), the granting of an order for the payment of interim attorney fees in a Chapter 13 case, when the case will later be converted to Chapter 7 pre-confirmation, would have no force or effect. The Chapter 13 Trustee must refund to the debtor all

4

15-10350 - #45    File 01/28/16    Enter 01/29/16 12:22:14    Main Document    Pg 4 of 5

undisbursed funds as of the date of conversion to Chapter 7 pursuant to *Harris*, so the movant would not receive any funds from the Trustee even if the Court granted his application. This is akin to a fee application in a Chapter 13 case where the Chapter 13 Trustee holds no funds to disburse, such as a when a debtor has made no plan payments. The order approving the fee application would be valid, but the fees would remain unpaid and the order would be unenforceable. Any effort to have the fees approved is futile.

**ACCORDINGLY, IT IS ORDERED**, that the Motion to Vacate (Docket No. 42) and the Motion to Expedite Hearing (Docket No. 43) are denied.

###